

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 AUG -3  AM 10: 08

LORETTA C. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FRANK TRAMMELL | * | CIVIL ACTION |
| VERSUS | * | NO: 00-0336 |
| BARON KAYLO | * | SECTION: "N"(6) |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases.

Upon review of the available record[1], the Magistrate Judge has determined that this matter can be disposed of without an evidentiary hearing. Accordingly, the Magistrate Judge issues this Report and Recommendation hereby recommending that the instant application for federal <u>habeas</u> <u>corpus</u> relief be **DENIED**.

---

[1]Although a state record was not available, the attachments to petitioner's application and the published state court decisions were sufficient to resolve the issues raised by petitioner.

DATE OF ENTRY
AUG  8 2000

DATE OF MAILING

AUG  8 2000

Fee_____
Process_____
X_ Dktd _____
___ CtRmDep _____
___ Doc. No. _____

## Procedural History

Petitioner, Frank Trammell, is a state prisoner currently incarcerated in the Avoyelles Correctional Center, Cottonport, Louisiana. On February 14, 1996, after a jury trial, petitioner was found guilty of attempted purse snatching, a violation of La. R.S. 14:27/65.1.[2] On February 28, 1996, Trammell was sentenced to serve twenty years at hard labor. After the state filed a multiple bill, Trammell was determined to be a habitual offender and was sentenced to serve twenty years at hard labor without benefit of probation, parole, or suspension of sentence. Petitioner's conviction and sentence were affirmed on direct appeal by the Louisiana Court of Appeal, Fourth Circuit[3] and by the Louisiana Supreme Court.[4]

Petitioner brings the following claims in his federal application for habeas corpus relief:

1) that he was denied due process of law under the Fourteenth Amendment to the U.S. Constitution by the trial court's ruling allowing

---

[2]**State v. Tyronne Davis and Frank Trammell,** No. 379-449"D", Criminal District Court, Orleans Parish, State of Louisiana. Petitioner was originally charged, along with two codefendants, Tyronne Davis and Norman Andrews, with attempted purse snatching. Andrews subsequently pleaded guilty and Davis was found guilty as charged, multiple billed and ultimately sentenced to serve seven years incarceration.

[3]**State v. Davis and Trammell**, 735 So.2d 708 (La. App. 4th Cir. 3/24/99)(hereinafter referred to as **Trammell**).

[4]**State v. Davis and Trammell**, 749 So.2d 651 (La. 11/12/99).

the prosecution to introduce evidence of other crimes, as res gestae, during his trial; and,

2) that he received ineffective assistance of counsel.

These claims were litigated in petitioner's direct appeal and writ to the Louisiana Supreme Court. The state concedes exhaustion and review of the available record shows that petitioner has exhausted his available state court remedies in the state's highest court. See **Rose v. Lundy**, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); **Dupuy v. Butler**, 837 F.2d 699, 702 (5th Cir. 1988). The State concedes that Trammell's federal petition was timely filed. Therefore, he is properly before this Court.

### Statement of Facts[4]

Lisa Hebert testified that she was leaving a Saints' game at the Superdome on October 1, 1995, and that she had her purse over her shoulder. She stated that in the area between the Superdome and the New Orleans Center, she was approached by two men who identified themselves as police officers. She then noticed that her purse, which had been closed when she put it over her shoulder, was open. She also said that the two police officers had three men with them and that these men were handcuffed. She testified that the handcuffed men pleaded with her and apologized to her. She recalled being bumped and nudged as she and her friend walked through the crowd after the Saints' game.

---

[4]The Statement of Facts was taken from the Fourth Circuit opinion in **Trammell**, 735 So.2d 708, 708-710, after review of the record for accuracy.

Detectives Landry Jackson and Randy Lewis testified that they were in plain clothes working a paid detail at the Superdome. They stated that they saw Davis and Trammell following people and examining their purses and back pockets. Lewis testified that he saw Andrews unsuccessfully attempt to open one woman's purse. Davis would step in front of the intended victim while Andrews would attempt to open the purse. Lewis further testified that he saw Davis step in front of Ms. Hebert and her boyfriend in order to slow them down as they left the Superdome. He said that he then saw Trammell with a T-shirt over his hand unsnap Ms. Hebert's purse and reach into it. Lewis handcuffed Trammell, while Jackson arrested Davis and Andrews.

Crystal Butler testified that she, her son, and Trammell were standing on a ramp listening to a second line band when the police grabbed Trammell and handcuffed him. She did not know why the police arrested him. Mark Amos testified that he knew Trammell and Ms. Butler and that he saw them watching the band outside the Superdome when the police arrested Trammell and two other men. Ron Williams testified that he knew Ms. Butler and that he saw her and Trammell walking on the ramp outside the Superdome. He further testified that he did not see Trammell attempt to go into anyone's purse.

### Denial of Due Process of Law and Ineffective Assistance of Counsel

As grounds for habeas corpus relief, petitioner claims his conviction and sentence were illegally obtained and imposed as a result of denial of due process of law

4

under the Fourteenth Amendment to the U.S. Constitution. Specifically, petitioner claims that the trial court erroneously allowed the prosecution to introduce evidence of other crimes, as res gestae,[6] during his trial. Petitioner argues that the Louisiana Supreme Court failed to settle the unresolved issue of law regarding under what conditions res gestae evidence is admissible in state criminal proceedings. Moreover, petitioner claims that he "presented the Louisiana Supreme Court with the opportunity to establish that res gestae hold (sic) no exalted position in Louisiana law of evidence but rather like all other evidence must be more probative than prejudicial in order to be admissible." (Rec. Doc. No. 1, Attached to Petition, Brief in Support of Petition for Writ of Habeas Corpus, pages 7-8.)

Respondent argues that the admission of res gestae evidence (i.e., other crimes evidence) is not cognizable in a federal <u>habeas</u> <u>corpus</u> petition because it does not implicate the violation of a federal constitutional right. Respondent suggests that the issue is, in

---

[6]Res gestae ["things done"] is defined as the events at issue, or other events contemporaneous with them. In evidence and law, words and statements about the res gestae are usually admissible under a hearsay exception (such as present sense impression or excited utterance). **Black's Law Dictionary** 1310 (7th ed. 1999). Petitioner claims that La. R.S. 15:447, which formerly provided that res gestae evidence was always admissible, was repealed on January 1, 1989, and superseded by La. Code of Evidence Articles 401-403 and 404(B). Petitioner claims that the above rules have been held by Louisiana Courts of Appeal to require that res gestae evidence be subject to the Article 403 balancing test which requires it to be more probative than prejudicial. Thus, petitioner claims that the Louisiana Supreme Court should have addressed whether La. Article 403 now applies to res gestae evidence and that he was denied a full and fair review of his claims in violation of due process of law which created a fundamental miscarriage of justice to petitioner.

5

reality, a complaint about the way the Louisiana Supreme Court has interpreted the Louisiana

Rules of Evidence and such claims are not cognizable on federal <u>habeas</u> review.

   The Louisiana Court of Appeal, Fourth Circuit addressed petitioner's

admissibility of other crimes evidence issue on direct appeal, as follows:

> Both Davis and Trammell contend the trial court erred when it
> allowed the State to use other crimes evidence, namely the testimony
> of Detectives Jackson and Lewis that they saw the two men trying to
> open other purses.  A review of the trial transcript shows that no
> objection was ever made to this testimony.  The failure to
> contemporaneously object to this testimony precludes appellate review
> of the issue.  La.C.Cr.P. art. 841.  This assignment of error is without
> merit.

**Trammell**, 735 So.2d at 710.

   Petitioner thus procedurally defaulted his claim in the state courts.  Unless he

can show "cause" for his default and "prejudice attributable thereto", or demonstrate that the

federal court's failure to review the defaulted claim will result in a "fundamental miscarriage

of justice", his claim is barred from federal habeas review.  **Amos v. Scott**, 61 F.3d 333, 338-

39 (5th Cir.), <u>cert</u>. <u>denied</u>, 516 U.S. 1005, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995). With the

exception of claiming that his counsel was ineffective for failing to object to the admission

of other crimes evidence, Trammel fails to make the requisite showing needed to escape

application of the procedural default doctrine.

   With regard to petitioner's claim that his attorney's failure to object to the

admission of other crimes evidence was ineffective representation, the court finds the claim

is without merit. Review of petitioner's direct appeal establishes that petitioner raised the ineffective assistance issue before the state appellate court; i.e., he argued that his attorney's failure to object to other crimes evidence constituted deficient representation. The Fourth Circuit, applying the appropriate standard under **Strickland v. Washington**, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)[6] held, in pertinent part:

> Trammell and Davis argue that their attorneys should have objected to the testimony of the two detectives regarding Trammell and Davis trying to open other purses prior to them opening Ms. Hebert's purse. They assert that this testimony regarding other crimes was not admissible as res gestae under La. C.E. art. 404 and that under La. C.Cr.P. art. 770, they were entitled to an automatic mistrial because the State deliberately elicited this testimony about other crimes from the detectives.

> La. C.E. art. 404(B)(1) provides:

> Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it plans to use at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.

---

[6]Under **Strickland**, a convicted defendant seeking relief based upon ineffective assistance of counsel must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. If a court finds that petitioner has made an insufficient showing as to either one of the two prongs of inquiry, it may dispose of the claim without addressing the other prong. 466 U.S. at 697, 104 S.Ct. at 2069.

Generally, evidence of other crimes is inadmissible at trial because of the likelihood that the trier of fact will convict the defendant of the immediate charge based on his/her prior criminal acts. But, the underlined portion of the provision above is the codification of the principle of res gestae. Moreover, if evidence is admissible under the res gestae exception, it is not subject to any notice requirements. **State v. Arvie**, 97-990 (La.App. 3 Cir. 2/4/98), 709 So.2d 810, 818; writ denied, 98-2461 (La. 1/29/99), ____ So.2d ____. The Louisiana Supreme Court, in **State v. Brewington**, 601 So.2d 656 (La. 1992) stated,

> This Court has approved the admission of other crimes evidence when it is related and intertwined with the charged offense to such an extent that the state could not have accurately presented its case without reference to it. **State v. Boyd**, 359 So.2d 931, 942 (La.1978); **State v. Clift**, 339 So.2d 755, 760 (La.1976). In such cases, the purpose served by admission of other crimes evidence is not to depict the defendant as a bad man, but rather to complete the story of the crime on trial by proving its immediate context of happenings near in time and place. McCormick, Law of Evidence 448 (2d ed. 1972). The concomitant other crimes do not affect the accused's character, because they were done, if at all, as parts of a whole; therefore, the trier of fact will attribute all of the criminal conduct to the defendant or none of it. And, because of the close connection in time and location, the defendant is unlikely to be unfairly surprised. 1 Wigmore, Evidence Sec. 218 (3d ed. 1940). **State v. Haarala**, 398 So.2d 1093, 1097 (La.1981).

However, even if the event in question is treated as res gestae evidence, the court must still engage in a La. C.E. 403 balancing test to determine if the probative value outweighs any unfair prejudice to the defendant in allowing such evidence to be used. **State v. Bordenave**, 95-2328 (La. 4/26/96), 678 So.2d 19, 20.

See **Trammell**, No. 97-KA-0817, pages 6-7.

The Fourth Circuit went on to analyze a similar situation in **State v. Smith**, 94-1502 (La. App. 4 Cir. 1/19/95), 649 So.2d 1078. The Fourth Circuit said, in pertinent part:

8

. . . . In finding no error with regard to the admission of this evidence, this court stated that final phrase in Article 404(B)(1) was a substitute for the term res gestae in former La. R.S. 15:447-448. The court further stated that it was no longer true that whatever formed part of the res gestae was admissible, and, that such evidence was still subject to the balancing test of La.C.E. art. 403. . . . The court noted that the events were very close in time and place and that the State could not have logically presented its case against the defendant without showing how and why the police came to arrest him and find the cocaine as a consequence.

There is little difference between the present case and the situation in **Smith**. The other crimes testified to by Detectives Jackson and Lewis were an integral part of the attempted purse snatching for which Trammell and Davis are being tried. The other attempts to open purses of women leaving the Superdome were very close in time and place to the opening of Ms. Hebert's purse, and these actions were what led the detectives to follow them. The State could not have logically presented its case against the two defendants without this evidence. Because this evidence was part of the res gestae of the charged offense, the attorneys for Trammell and Davis cannot be deemed to have been ineffective for failing to object. These assignments of error are without merit.

See **Trammell**, 735 So.2d at 711-12.

Federal habeas courts do not sit to review the admissibility of evidence under state law unless erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding. "Thus the erroneous admission of prejudicial testimony does not justify habeas relief unless the evidence played a 'crucial, critical, and highly significant" role in the jury's determination". **Jackson v. Johnson**, 194 F.3d 641 (5th Cir. 1999), cert. denied, --- U.S.---, 120 S.Ct. 1437, 146 L.Ed.2d 326 (2000) (quoting **Little v. Johnson**, 162 F.3d 855, 862 (5th Cir. 1998), cert. denied, --- U.S. ---, 119 S.Ct. 1768, 143 L.Ed.2d 798 (1999)). Petitioner herein fails to make such a showing.

Additionally, the Louisiana Court of Appeal, Fourth Circuit properly concluded that petitioner's counsel was not ineffective by failing to object to the other crimes evidence as the evidence was admissible under state law.   The Fourth Circuit's determination that there was no legal basis upon which petitioner's counsel could object to the admission of the evidence is entitled to great deference.   Moreover, the Fourth Circuit's application of **Strickland**, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),  the controlling decision for issues of ineffective assistance (a mixed question of law and fact), was reasonable.   For questions of law or mixed questions of law and fact adjudicated on the merits in state court, a federal habeas court may grant federal habeas relief under 28 U.S.C. S 2254(d)(1) only if the state court decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. **Penry v. Johnson**, 215 F.3d 504, 507 (5th Cir. 2000), citing **Miller v. Johnson**, 200 F.3d 274, 280-81 (5th Cir.2000).   "A state court decision is 'contrary to' Supreme Court precedent if:  (1) the state court's conclusion is 'opposite to that reached by [the Supreme Court] on a question of law' or (2) the 'state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent' and arrives at an opposite result. **Penry**, 215 F.3d at 507, citing **Williams v. Taylor**, --- U.S. ----, 120 S.Ct. 1495, 146 L.Ed. 2d 389 (2000).

A state court unreasonably applies Supreme Court precedent if: (1) it unreasonably applies the correct legal rule to the facts of a particular case or (2) it 'unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" **Id**, at 508, citing **Taylor**, --- U.S. ----, 120 S.Ct. 1495.

This court agrees with the Fourth Circuit's determination that the "other crimes" evidence was properly admissible as res gestae evidence. To prove prejudice under the **Strickland** standard, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Strickland**, 466 U.S. at 694, 104 S.Ct. at 2068. Petitioner fails to show that, had counsel objected to the other crimes evidence, the evidence would not have been admitted. Accordingly, the Fourth Circuit's determination that counsel was not constitutionally deficient was not objectively unreasonable. Accordingly, petitioner is not entitled to federal habeas relief.

## Recommendation

**IT IS HEREBY RECOMMENDED** that Frank Trammell's petition for issuance of a writ of habeas corpus pursuant to Title 28, United States Code, Section 2254 be **DENIED** with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. **Douglass v. United Services Auto. Ass'n**, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this __7th__ day of August, 2000.

LOUIS MOORE, JR.
United States Magistrate Judge

12